UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WIRTGEN AMERICA, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES,** *et al.*,<br><br>Defendants. | Case No. 20-cv-195 (CRC) |

### ORDER

  This case is on remand from the D.C. Circuit. This Court previously dismissed Plaintiff Wirtgen America, Inc.'s Complaint for lack of jurisdiction. Wirtgen appealed that ruling, but while the appeal was pending, the U.S. International Trade Commission modified the Exclusion Order underlying the dispute. The D.C. Circuit found that the modification mooted the case, dismissed the appeal, and instructed this Court to consider whether its Order dated March 11, 2020 should be vacated. Order, Wirtgen Am., Inc. v. United States, No. 20-5064 (D.C. Cir. Jan. 12, 2021).

  On remand, the parties have filed responses addressing whether the March 2020 Order and the accompanying Memorandum Opinion should be vacated. After carefully considering these submissions, the Court finds that Wirtgen was deprived of an opportunity for appellate review of the judgment because circumstances outside its control rendered the case moot. Therefore, under Supreme Court and D.C. Circuit precedent, it is appropriate to vacate the judgment to prevent any future adverse effect it might have on Wirtgen's rights. See U.S. Bancorp. Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 25 (1994) ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment."); Am. Fam. Life Assurance Co. of Columbus v.

2

FCC, 129 F.3d 625, 631 (D.C. Cir. 1997) ("It may . . . be 'speculative' whether leaving the Order standing could cause some residual harm, but vacating the Order puts the speculation to rest.").

Accordingly, it is hereby

**ORDERED** that the Court's [43] Order and [44] Memorandum Opinion are **VACATED**.

**SO ORDERED**.

 

CHRISTOPHER R. COOPER
United States District Judge

Date:   April 6, 2021